Your Honor, this is the first case in the morning called 209-719, Peoples State of Illinois v. Kenneth Heritsch. On behalf of the Appellant, Mr. Derrick Miller. On behalf of the Appellant, Mr. Barry Shady. Mr. Miller. You may proceed. Thank you, Your Honor. May it please the Court, Counsel Derrick Miller on behalf of the Defendant, Ken Heritsch. Your Honor, this issue is a relatively simple one, at least the issue is. It involves the interpretation of Section 5-6-303, subsection D-5 of the Vehicle Code, which is enhanced sentencing provision for driving under a revoked license. And under the language of that statute, a defendant who is convicted of his, quote, 15th or subsequent violation of this section is guilty of a Class 2 felony. If the revocation or suspension was for a violation of Section, among other things, 501, which is a DUI. So in this particular case, what happened was there was really no dispute about Mr. Heritsch's driving record. He was revoked originally, it looks like March 28th, 1991, for a non-DUI based offense and one which would not trigger that enhanced sentencing provision. What should the statute say? In order to accomplish its purpose. You mean in order to treat him as Mr. Heritsch? We assume that the legislature wants to use this to enhance sentencing for persons who just can't figure out when not to drive and how to drive when they can. How are we going to do it? To be honest, Your Honor, I haven't really thought of how to draft the statute against my client. But I think at a minimum, it could not refer to the revocation. Maybe the most serious of the basis is the revocation. Isn't the provision you're talking about a penalty provision? So the state in the charging document has to identify the revocation that they're relying upon? Isn't that really what the legislature intended? I'm not sure. They intended to treat... I'm not sure I understand your question. This court has said that the intent of the legislature in these enhanced provisions was to punish recidivist offenders more harshly than first-time offenders. Yes. Aren't we supposed to give effect to the intent of the legislature? Yes, but one way also that you do that is by looking at the plain language of the statute. And I think that there is only one way you can interpret the statute. Does the term license just include the physical license or does it also include your status of the privilege, the status of your privilege to drive? Well, I would say revocation would include both the license and the privilege. And I would say that suspension would only include the privilege, which I think could make a difference as far as... If a license is revoked, there's nothing there any longer to revoke it again. So the revocation has to refer to, in this case, his 1991 revocation because once the DUI came along, not only had he not had his license reinstated, I don't even believe that he was in a position to even apply for another license. So when you apply the plain language of the statute, the enhanced sentencing provision only kicks in if the revocation or suspension is for a DUI. In giving effect to the intent of the General Assembly, should we read the criminal sanctions together with the licensing provisions of the code? I'm not sure I'm following you. How do you mean? The licensing provisions, the effect of the action taken by the Secretary of State as it relates to the privilege, that's the purpose of the law. Should that be read together with the criminal penalties in determining and giving effect to the intent of the General Assembly? Well, I would think that, obviously, you first look at the plain language of the statute, but yet, I mean, you could use the... Are you referring to the statutes referring to how the Secretary of State can act? Correct. And what's mandated by the Secretary of State, mandated by the clerk of the court, mandated by the trial court, to report these offenses so they can be logged on the driving record of an offender. Yeah, and I think that, actually, if you look at the statute, it's 5-6-208 of the vehicle code 625, subsection B. It actually says there, any persons whose license, permit, or privilege to drive a motor vehicle on the highways has been revoked shall not be entitled to have such license restored unless he makes application and it's approved. So I believe right in the statute it says that his license is gone from the initial revocation. And once the license is gone, that is the revocation. So you're saying that it doesn't matter what convictions he picks up, it doesn't matter what entries the Secretary of State makes on his license? I would say that's correct as the statute is drafted. Well, the statutes also extend the period of revocation if you pick up a new DUI or a new DWLR, sometimes for 5 years, sometimes for 10 years, depending upon the record of the offender, correct? It could extend the period where he could go in and reapply. But the basis of the revocation still remains the non-DUI-based basis. So the revocation that's entered by the Secretary of State that's mandated by law has no effect on the status of the driver's license? Is that what you're saying? Well, I would say that in this case, although the statute does direct a revocation for a DUI, when there is no license to revoke, there is no way for that statute to kick in. Would you agree that the intent of the General Assembly when they drafted this law was to target offenders like your client so that they would be held responsible and punished more harshly than first-time offenders? Well, yeah, I would say that's one of the intents is to punish, obviously, their increased penalty provisions. But he should get off because he's never taken the steps to reinstate his driver's license. Well, Your Honor, I mean, I understand your point. But the fact of the matter is when construing a statute, we have to look at the plain language of the statute. The statute doesn't provide for enhanced penalties or aggravated convictions just based on the number of driving on a revoked license, does it? In other words, you do 5 DLRs, it's 2 years. You do 10, it's 5 years. You do 15, it's 10 years. You do 20, it's life. Right. And it depends on whether the basis of conviction at issue is DUI-based. In other words, Mr. Harris, if the statute doesn't say that it's based upon merely the number of times that you've been caught driving while license revoked for whatever reason. Right. And the term original was in the statute and then it was removed. And then it was replaced for one subsection, but not for the subsection that your client was sentenced under, correct? Yeah, I don't believe that the term original was never in this section. It was never removed. It was not removed from this section, but it was put back into the second offense section, correct? That, to be honest, I'm not sure it was inserted. It was reinserted into the current. Oh, into the current. I'm not sure I have the current. I'll take your word on it. The current version for it. They did not put that into the Class X provision, doesn't that? The action by the General Assembly indicate that they did not mean for this section, they did not mean that the original revocation had to be for DUI? Well, again, I would say that you look at the plain language of the statute as it's written before you can get to other rules of statutory. And if the language is clear, which it's our position that it is, it only talks about the revocation. It doesn't talk about multiple revocations. So, you know, as far as hopping around and looking at other statutes and whether they insert or remove that word, I don't even think that you get there because the plain language of the statute, to me, is clear that this enhanced sentence provision only kicks into the revocation was the basis and was based on a DUI. And the legislature couldn't clarify this. They couldn't. If they really wanted to treat people in Mr. Heritage's situation as basically what he was ultimately sentenced as a Class X offender and the differences between being treated as a misdemeanor or a Class II felon, I think the legislature has to be very clear that when you're looking to give these penal statutes, they're supposed to be strictly construed in the defendant's favor. Well, there's also a parallel rule that says we're also to avoid an absurdity and to give effect to the intent of the General Assembly. Correct? Sure. Yeah. I mean, there's lots of rules of statutory construction, but the primary is that you look at the language of the statute. There is no better evidence of the intent of the legislature than looking at the statute. And for purposes of statutory construction, your suggestion is that we just look at this provision and not look at the other provisions of the code, as this Court did in the past in other cases? Could you be more specific? How about have you read People v. Manicus or People v. Sass? Actually, Sass is a Fourth District case that say that for purposes of statutory construction and determining the legislative intent for the licensing and revocation provisions, they should be read together with the penalty provisions. Yeah. I mean, you can look to other sections, but it's also important to know that the defendant needs to be put on notice. I mean, part of the purpose of a statute, of a penal statute, is not just to look for ways to get people in its net. In fact, it's supposed to do the opposite. It also puts a defendant on notice as to what he could be looking at as a possible penalty. And here, it says that the revocation, it only kicks in if the revocation is for D-Y. And Mr. Harris had been informed, I believe the record shows, by the Secretary of State that his license was still revoked because of the original non-D-Y based revocation. In fact, I don't even believe the Secretary of State even gave him notice that the D-Y, that he was being, that the D-Y revocation superseded his prior revocation. You're not suggesting that the defendant has to have in his mind that he's revoked for just D-Y in order to be guilty of the offense, are you? Well, I'm not talking about his mind necessarily. I'm just talking about the statute. By operation of law, he received notices in the mail that revocations were entered for his D-Ys. That's by operation of law he gets that notice. Correct. Right. Yeah. What if he's changed his address? Does he have to change his revoked driver's license as well? In other words, apply for a change of address so that any revocation notice is sent to the right address? Does he have to notify the Secretary of State of his change of address? Well, if he's changed his address, I know you're supposed to indicate to the Secretary of State if you have a driver's license you're supposed to change your address. I don't know that you're required to notify the Secretary of State if your driver's license has been revoked. Yeah. And you change your address. I'm not aware of such a requirement either, Your Honor, to be honest with you. I don't know why the – I can imagine there is, but I can't say for certain that there isn't. It just – it kind of threw me off when I was trying to figure out – I gather when the operation of law kicks in, we're talking about notices sent to the address that is listed on the criminal file for which the conviction is made and not necessarily the last known address that occurred when this last revocation occurred. I would imagine that would be the case. I mean, because everybody's got to be somewhere. Sure. Right? So long as they're still around. Yes. At any rate, Your Honors, that's essentially our position, that the statute is clear and you can't revoke something that does not exist. And the statute only refers to the revocation. We've been discussing how many pins you can stick into the head of an angel. And in the process, we came up with the realization that the Supreme Court had determined that the legislature has said that the court, upon conviction, can impose consecutive life sentences, which is a change or an alteration from their original position, which was you could only serve one life sentence because once you died, you couldn't serve another one, so therefore all life sentences should be concurrent. And they changed their mind and said if the legislature says that you can have consecutive life sentences, so be it. They're the legislature. They can legislate what they want. So if there can be some rationale for upholding consecutive life sentences, why can't there be a rationale that upholds consecutive driver's licenses? Well, Your Honor, I guess if the legislature wanted to draft a statute so there could be multiple basis, you could revoke a revoked license, and if they wanted to draft a statute that flies in the face of logic, then they would have the ability to do so, and that would be the law. So I think that's kind of what distinguishes what you're saying, is here there is nothing that says that you can, there is no law that says you can revoke a revoked license. Doesn't the plain meaning of the licensing provisions and the action taken by the Secretary of State regarding the status of your privilege say that the revocation that's in existence is extended and that the period runs from the date of the most recent revocation, which means multiple revocations? Isn't that what the language means? I mean, in my opinion, what it means is the revocation is still the revocation. Yeah, you can have other things that occur that can put off how long you can reapply. So that you're revoked. And maybe he can never reapply. I mean, it can go on and on, but you're still revoked. You're revoked for not only an offense or burglary or whatever felony involving a motor vehicle, you are also now revoked for DUI. That's what the scheme says? But you can't have the multiple, you can't revoke something that doesn't exist. I mean, I see what you're saying. Have you read the definition in the vehicle code for the financial responsibility law? Have you looked at that? Which talks about the license is not, refers not just to the physical license, it refers to your privilege to drive a motor vehicle, whether you're currently licensed or not. Right. Well, that's going back to what I said earlier is I think a revocation goes to both the license and the privilege. And we might be in a different situation if you're talking about a suspension when you're only talking about the privilege. Isn't suspension the same thing? If somebody is suspended for a financial responsibility issue and then picks up a suspension for not blowing, for example, a summary suspension, are you suggesting that then when he picks up a driving on suspended or driving on revoked, that he can say, well, I was not suspended for the DUI. I was only suspended for the financial responsibility. Therefore, I can't be held accountable. Well, I mean, I think going back to what you said before. Is that basically the same thing, same argument you're making? Not really. I mean, going back to what you said before, I think that. Well, if you're already suspended, how can you be suspended again? Well, if you're revoked, going back to what you said earlier, if you're revoked and you extend the revocation, you're not doing another revocation, derevocation is still derevocation. You're just extending derevocation. Derevocation is still the non-DUI based. So, yeah, whether you're putting down this revocation suspension or whatever, you're extending derevocation. But derevocation, which is what the statute refers to in the enhanced sentence. Do the statutes provide for suspensions to have an outside limit? In other words, do all suspensions expire? I believe so. I think that it would be the difference between a suspension and a revocation. So, in other words, a license would still exist with a suspension. I think your time is up. Yes, it is. Any other questions? Thank you. That's irreducible. Mr. Jacob. Thank you. Good morning. Morning. I'm Barry Jacobs on behalf of the people of the state of Illinois. May it please the court and counsel. From the beginning, I did want to note and make a brief apology. There was an error, which Mr. Miller picked up in my statement of facts in his brief, and I apologize to the court for that. And I apologize to counsel. However, it did not impact the substance of the argument in this case. As Mr. Miller indicates, and I think we're all in agreement, this is an issue of statutory construction. It's a relatively simple one. And at least two districts have already addressed a very, very similar argument. I cite one of them in my brief. The other one you don't cite in your brief? Unfortunately, the statement of facts was not the only omission. The Kennedy case, which is the fourth district case that I cite in the brief, interpreting section 6303D3, which is the section, I believe, that Justice Burke had somewhat referenced about the original statute, including, well, I should say the statute in effect prior to August 8, 2001, including the term original in it. And to my knowledge, at the time, well, I don't know whether or not this What's the other case that wasn't in your brief? I'm sorry? That's the Bloomberg case, which is the third district case in 2008, which actually cites the other case. Mr. Jacobs, what does derevocation mean? Derevocation means any revocation. Why doesn't it say any revocation or any basis for revocation? That would be somewhat more clear. It would be very clear. Looking at the legislative intent here, we must give effect to the plain language. The plain language does not include the limitation that the appellant suggests, that it's just the original. And, in fact, as the Bloomberg case directly addresses, and Kennedy to a lesser extent, that language was removed at the time of this offense from D3. D5 wasn't in existence. Had the legislature intended to include that language when they enacted D5, saying 15 and subsequent, they could have included original. They could have also included any. The fact that they did include original, however, based on the fact that it was already there, that is a rule of statutory construction. The removal of a term should indicate they could have said original revocation. Well, this court in particular, I believe I was on one of the panels, has said that when talking about subsequent DUIs, the 5th or the 6th or the 7th or the 8th, that, you know, there the legislature was unclear, was ambiguous, and we struck down and said you cannot have that sequence of cases. And they enacted that sequence of law, and they enacted all of these laws within a very short period of time, and obviously they got confused. And that's essentially what we said. Why isn't that a similar situation here? They intended something, but they did not say it properly. It's the state's position that perhaps it could be said more arbitrarily. However, the fact that they did not include original and it has been reenacted in the latest, I think there was a 2011 version that just went into effect, the 2010 version, if it appears in another section, that further strengthens the argument that they could have added it to this section as well and made it very clear that it only referred to the original revocation. So this is about the first time in 22 years I've ever heard that this interpretation that you're giving is clear, not ambiguous, but the legislature could have made it clearer because if we talk about clear and unambiguous and we look at the language, if it isn't clear and unambiguous, then we try and determine what their intent was. But there also is a rule, maximum principle doctrine that says, the lenity says that when there are two reasonable interpretations in a penal code or penal statute, that the benefit of the doubt goes to the defendant or in sportsman terms, the tie goes to the runner. So are you saying that this is clear and unambiguous? Because if you are, then why are you saying that it could be clearer? It's clear enough. And based on I'm saying that based upon the past history of Section D and the removal of the term original, it is clear enough. It's not completely artfully drafted, but it is clear enough. The defendant in this case was put on notice by virtue of the indictment that he faced an enhanced penalty. The state's of course not required to prove those elements as part of the underlying charge, but he was in fact advised or he was on notice. Your position is that, am I correct, that driver's license and revocation refers not just to the physical license, but to a person's privilege to drive a motor vehicle and the action taken by the Secretary of State as you go through your, in this case, criminal career of picking up multiple offenses? That's correct. And the defendant repeatedly indicates that there's no license to revoke. Well, clearly as the statutes prescribe this scheme, the Secretary of State records each order of revocation. Each order remains in effect until it's removed. Theoretically, although I don't know how likely it is, the original revocation in this case may have, by virtue of an expungement of a conviction or something, may have been removed had he applied and gone through the necessary steps, which would have left the same situation, a revocation for DUI. The statute is clear enough. It is clear that at the time of this offense, he had a revocation for driving under the influence of alcohol. What happened to his revocation for the possession with intent to sell in a motor vehicle, which is, I think, the 1991 matter? What happened to that? Is it there? Is it still on his record? Is it revoked, his license? I believe that it's still on his record, yes. Well, and that's what he got a revocation notice for back in 1991 or early 1992. Probably would. Why doesn't he then say, my license is revoked for that? Of course, he's not abiding by the fact that his license is revoked based upon his record. I'm going to give you that part. You know, he's still driving. But why doesn't he, why isn't it reasonable for him to believe that he's revoked for the drug charge as opposed to the alcohol charge? Each time he drove and was convicted of driving with a license revoked. He got a notice. He received notice that his revocation. Each notice that he got, more than likely, would prevent him from applying for his license anytime soon. But he never did have a license to apply for after 1991, did he? He could not apply, no. Right, because he had no privilege. He had a number. He had some number in Springfield. And maybe he even carried a state ID, which would require him to notify the Secretary of State of the change of address. But he had no license. Is that correct? He had no license. However, he was on notice that he should not be driving. Well, as I said, that didn't work very well. As the Kennedy case makes clear, there are two, this statute makes, creates two schemes. And Justice McLaren referenced that, I believe, that had he discontinued to drive without getting a DUI, he's subject to a much lesser penalty. But based upon the clear terms of the statute, because he had a DUI and picked up a revocation for that, albeit, I believe, after he'd already had probably 12 charges of driving without a license revoked, he's subject to the enhanced penalty. That is exactly the fact pattern in the Bloomberg case. Very similar to the Kennedy case, where it's clear that the defendant had been driving without a license revoked. And his statutory summer suspension was in effect, I believe, in 2005. In May of 2005, later in May of 2005, he picked up another driver license revoked charge. The court of the Fourth Digit in that case didn't concern itself with whether or not way back when his original revocation had been based upon DUI. It was the fact that he had a summer suspension in the same month and then picked up another driver license revoked charge. And they found the enhanced penalty provision exactly applied. And that's the exact same situation in the Bloomberg case, the Third District, citing Kennedy in 2008. The state's position is that this court should follow that line of cases based upon the clear, clear enough language. And that's all determined from. But was this basic issue addressed, the language of the statute? It was not. It was the penalty that was addressed, not why the penalty was imposed, correct? As in the revocation or original revocation or whatever revocation it was? They do make reference in, I believe it's in Bloomberg, to the relevant inquiry is whether or not the license was revoked due to DUI at the time of the offense being the incident offense. They don't necessarily talk about whether it's one or two. Well, there's a that's the specific complaint in this particular specific issue in this particular field, correct? What the statute says as it relates to the penalty that should be imposed. Yes. So there is a there is a significant difference. There's a difference. However, the Bloomberg case does actually say that had the legislature not intended to focus on the party's current suspension to determine if it was for enumerated enhancement, it wouldn't have deleted the word original suspension. Well, that was the case. Is there a difference between a revocation and a suspension only in terms of the length of the. Doesn't the suspension have an end date? Most normally. It has an end date. To my in my recollection, I've been practicing traffic for a long while, but the financial responsibility suspension imposed when you don't have insurance. The amount of money you have to pay. Right. I don't know that it has an actual end date, but most usually a statute summary, statutory summary suspensions, suspensions have an end date. You have to pay a fee before you can be reinstated. But there is a date. Yes. Until you pay the fee, you remain suspended, but you have a license. Correct. You have a suspended license. That's well, that's a different issue. You have a license. Correct. That is suspended. Well, I have it in my pocket. I suppose I'm sure that the defendant in this case has a license in his pocket as well. No, he doesn't. That doesn't deter whether or not his license was written. He hasn't had one in a long time. A physical license, I can't say. So, as I said earlier, it's the state's position that this court should follow both the third and the fourth districts and that the statute does not require that the original revocation or I'm just going to stop there. The original revocation was DUI based for the enhanced penalty to apply. The current provision of Section D, which is for the second offense, does include the term original, but the class sex provision does not. That's the language you're talking about? Yes. Where the legislature reinserted the term original for a second offense, but not for the class sex. Yes. It clearly expresses an intent by the General Assembly. That and the fact that after August, until that was re-included in the statute, after August 8th, 2001, the original had been removed. That's what the Bloomberg case says, that the legislature clearly intended to punish recidivists more strongly. Just so I can assure myself, are you making any argument relative to comparing statutes and reading them in parameteria and coming up with a conclusion that in order to give both statutes a reasonable interpretation, that we must interpret this particular statute as meaning any subsequent or most serious? With respect to the rest of the statute or another, are you referencing the Secretary of State? What I'm suggesting is when we interpret statutes, depending on the facts, we can do it in different ways. And if there's an ambiguity or an apparent or an alleged ambiguity because there appears to be inconsistencies, conflicts, contradictions, whatever, between two different statutes or regulations, then we're supposed to try and reconcile them. Yes. That is one way that we can come to an interpretation that supposedly will clarify the ambiguity of the conflict. Yes. And so I'm asking you, you are not making that argument. I believe I am making that argument with reference to Section D.3, which now does apparently include the term original. If you read that with this section, the fact that this section does not include original. Okay. Well, that's what I'm trying to get at. Yes. Is that the only parameteria argument you're making? Well, I guess I could pick up on Your Honors. I'm asking you a simple question. No. I don't know what the answer is. That's the only that and any other portion of this sentencing scheme provided by Section D of 6303. It should be read together, yes. Mr. Jacobs, here's an older case, People v. Sudeth, S-U-D-E-T-H. It's 52 Illinois Pellet Second, 355. Therefore, we know it's older. But it defines the difference between a suspension and a revocation. Are you familiar with that? I'm not. All right. Well, it says a suspension allows the temporary inoperative privilege to drive to be reinstated. Revocation is a formal termination and requires the procurement of a new license or permit or privilege before one can lawfully operate a vehicle. That can't be clearer. His license was revoked in 1991. How has it been revoked for DUI? Again, it's the state's position that a revocation would address both the license and the privilege. Thank you. Discussing this made me think of some recent cases involving DNA and the question of whether or not a DNA fee should be charged more than once. And I believe the Supreme Court recently determined that there should only be, if there is a DNA registration or information on file, then there shouldn't be redundant DNA samples taken, which seems to be somewhat consistent with the idea that there's only one DNA test, there's only one termination, there's only one life, but you can have consecutive sentences in any event. I guess consecutive sentences turn into a paragraph after a while, but in any event. Do you see the logic of the argument that if there is a termination, there is an end date, an end time? I see the logic in a vacuum, but practically we know from the way that the Secretary of State is directed by the legislature to address these orders of revocation entered by the court, is that it does not matter if the revocation is going to continue. As I said earlier, had this conviction been expunged or somehow the first revocation for whatever he did, the felony they committed was not on the record, he would still have been revoked because the Secretary of State would have had his privileges revoked at the time that he picked up this offense. I think that's what Justice McClaren was asking earlier. You just referred to what the courts must do and what the Secretary of State must do when these orders are entered, when convictions occur. The reason for that scheme is to protect the order in public and to provide the court with necessary information to impose appropriate sanctions when a conviction occurs. So you are asking us to look at the whole scheme, correct? Well, yes, of course, the whole scheme. I wasn't clear on what actually was being asked, but yes, the whole scheme that the duties imposed upon the Secretary of State by the legislature and I don't recall exactly what the statutes are to reference them by number, but the Secretary of State is required to enter those revocation orders and those revocations remain in effect until they're removed. We're supposed to interpret statutes based upon English language and rules of grammar and when the legislature removed the word original, I submit to you it should have changed the word the to either a or any or some generic nondescript article such that when it removed original, you could assume some things or conclude reasonably some things, but when they left the word the in the sentence, instead of either removing it or placing it a or any, that it went from something that was clear, the original, to something that was less clear. Now, whether or not it's less clear means that it's now ambiguous is something that we have to decide, but do you see the problem with going from the original to the? I think you said it actually during your oral argument. You said it could be clearer because it could have been an a or an any or the more serious or a more definitive clause or phrase. I do see that or I believe based on the rule of construction that since the word original was removed, that that is a clear indicator that the legislature intended that it wasn't the original offense. So we're supposed to conclude that removing the word original was specific intent, but failing to correct the grammar was merely a nonintentional error. Leaving the article the instead of altering it, removing it or making it a more specific phrase. Yes. Any other questions? Yes, thank you. Is this time up? Yes. Thank you. Thank you very much. I must be losing my hearing because I haven't heard it go off lately. Maybe it's I'm paying so much attention to the arguments that I just miss it. Maybe you ought to shine a laser in my eyes or something. Mr. Miller, I believe it is.  I'll try and keep it brief. I just have one point. I believe it was the dialogue Mr. Jacobs was having with Justice Hutchinson, which I think sheds light on the problem of the state's argument. Mr. Jacobs says that the statute is clear, and the statute says if the revocation is for a DUI, and the way he says it's clear is he says, well, the revocation means any revocation, which that argument, quite frankly, is nonsensical. That argument that you're making, though, again, the language is clear. It has to be the defendant has to be revoked for DUI, and the state has to identify the revocation that they're relying upon in order to seek the enhanced punishment, correct? Again, I'm not sure I quite followed. Well, this is a sentencing provision. It's not the offense of driving under a revoked license, and the state, in the charging document, has to identify the revocation for DUI in the charging document, correct? And he has to have 15 prior convictions for DWLR. You're not suggesting that each of those has to stem from a DUI revocation, are you? Well, that's what the two cases, Bloomberg and Kennedy, that's essentially what they went to. You can't make that argument. Right. That's not an argument that I'm making. Yes. That's Bloomberg and Kennedy held contrary to that. But my point is that by the plain language of the statute, it talks about the revocation. You can't get around the plain language of the statute. And Mr. Jacobs tries this, and, well, they really, the statute's clear, but it really means any. Well, then if it means any, it's not clear. Our position is that it is clear. But the revocation, there was only one revocation. In any case involving revocation, there was only one revocation. And in this particular case, this is 1991, non-DUI-based. Then why does the law require the court and the Secretary of State to take action upon those convictions requiring notice of revocation to be sent out and entry of a new revocation under the driver's license if they are meaningless? Well, that would – I wouldn't say that they're meaningless. At some time in the future, they can become meaningful. In other words, if he could eventually reapply for his license back as 1991 revocation, that would be a difference. So only if he were a good person and got his driver's license reinstated could he ever face a class act. That's what you're saying, right? That wasn't really what I was saying. Well, that sounds like what you're saying, that only a person who takes action to reinstate his driver's license after having been revoked for something else can ever be held accountable for a class act, regardless of whether it's 50 or 50 driving on a revoked license. As long as you are a recidivist and never take action to reinstate your license, you never face the most severe punishment. Again, I would say that the – I don't think it's – that's no more ludicrous than taking someone who's got, say, 30 prior DUI-based driving on revokes and someone who's got 14 non-DUI-based driving on revokes and gets one DUI-based driving on revoke and then stack them all up and treat them both as class 2 felons. So, yeah, I mean, you have to – you have to play in the language of the statute. And it's a penal statute that is supposed to be construed in favor of the defendant, and the language is clear. And that's essentially my point. If the legislature has a problem with it, they could just rephrase the statute. But they haven't. And the defendant's entitled to be put on notice as to what he's looking at as far as penalties, going from misdemeanor to a class 2 felon, ultimately as a class X. I understand that you don't agree with it, and maybe no one agrees with it. I said whether I agree with it. Right. Or maybe even the legislature. Maybe even the legislature doesn't agree with it, but maybe isn't good enough. You have to look at the plain language of the statute. Well, if I said I agree with the argument, would I be meaning I'm agreeing with any argument, or I'm agreeing with his argument, or with your argument? It depends on the context on which you make that statement. I'm supposed to be agreeing with you, rather. That should have been your response. If there are no other questions, thank you, Judge. Okay. Thank you. We'll take a short recess.